**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X   Case No. 14-40576-nhl
IN RE

IRENE SUGOVINSKAUYA,

                     Debtor.
--------------------------------------------------------X

REPLY REGARDING OBJCTION TO PROOF CLAIM

IRINA LUST, the counsel for the debtor, Ms. Irene Sugovinskauya, respectfully reply
as follows to the response of the unsecured creditor CadleRock Joint Venture LP
(Cadle):

1.      The issue is if Cadle had a perfected lien as a judgment creditor in the
personal property, herein shares of Coop, as owned by the debtor prior to
the commencement of this Chapter 13 case. The answer is No.

2.      Security interest, as consensual lien holder or a judgment creditor are
governed by New York State laws and New York Civil Procedure Law and
Rules (NY. CPLR).

3.      The debtor owns a Coop apartment which is her sole property and
residence.  The creation of a cooperative apartment regime involves no
transfer of a fee interest to the unit "owner." Rather, the entire parcel is
transferred, typically in fee, to a corporation and the ownership interest
in that corporation is divided among the unit owners, who are its sole
shareholders. Unit "owners", the debtor do not obtain any fee simple
interest to any portion of the property. Rather, she own a portion of the
corporation [via shares], which holds fee simple title to such property.

4.      Shares being personal property, their attachment, execution etc. is
governed not by the New York Real Property Laws, rather the governing
rules are those found in sections 5202 and 5234. CPLR section 5202

subdivision (a) governs when the creditor is using an execution as the enforcement device, see CPLR 5230, and subdivision (b) governs when the creditor has procured one of the lien-giving orders under Article 52, see, e.g., CPLR 5225, 5234. Id. Section 5234 governs priorities in liens against personal property.

5.  On September 16, 2013, pursuant to the judgment, CadleRock caused the New York City Marshal to levy against the Debtor's shares in the Co-op. See CadleRock opposition ¶ 9. True that, upon such delivery, the judgment creditors acquires a lien on all of the judgment debtor's personal property that is located within the territorial jurisdiction of the sheriff, however such execution remains in force for 60 days. The sheriff's next duty is to sell the property under CPLR 5233. Execution in this instance is subject to the requirement that it be returned by the sheriff within 60 days after issuance, unless the judgment creditor gives the sheriff an additional 60 days. Accordingly, pursuant to CPLR 5230(c), an execution must be returned to the clerk of the court whence it issued sixty days after delivery unless a levy of property not capable of delivery has occurred. No such additional time was given as is clear from CradleRock objection to the motion. Moreover, once the execution is returned, the judgment creditor's lien on personal property terminates. *N.Y. City Transit Auth. v. Paradise Guard Dogs*, Inc., 565 F. Supp. 388, 390 (E.D.N.Y. 1983); United States v. Fleming, 474 F. Supp. 904, 907 (S.D.N.Y. 1979); *Walker v. Henry*, 85 N.Y. 130, 134-35 (1881); *Garro v. Republic Sheet Metal Works, Inc*., 284 A.D. 660, 662, 134 N.Y.S.2d 151, 153-54 (4th Dep't 1954); *Vance Boiler Works v. Coop. Feed Dealers, Inc*., 46 Misc. 2d 654, 655-56, 260 N.Y.S.2d 303, 304- 05 (Sup. Ct. Wayne County 1965).

6.  Also the Marshal notice is not proper attached with any additional notice that is provided to the debtor. It is clear that where the execution does not state that judgment debtor has received a restraining order, together with its

constitutionally required warning that certain property may be exempt from legal process, the sheriff must mail to such judgment debtor the warning described in CPLR 5222(e). Id. 5232(c); see *Cais v. Pichler*, 123 Misc. 2d 275, 276, 473 N.Y.S.2d 719, 721 (N.Y. Civ. Ct. N.Y. County 1984). Also the failure of the sheriff to mail the notice within the four-day period following the levy renders the levy ineffective, even if the debtor knew of the levy. *Kitson & Kitson v. City of Yonkers*, 40 A.D.3d 758, 759, 835 N.Y.S.2d 670, 672 (2d Dep't 2007); *FDIC v. Wirth,* No. M18- 302, 1991 U.S. Dist. LEXIS 13706, *6 (S.D.N.Y. Oct. 2, 1991). No such notice, was given.

7.     CPLR 5202 (a) connotes "Judgment creditor's right in personal property." For purposes of article 52 of the CPLR, shares in a cooperative and the related proprietary lease are "personal property." "[W]here priorities of judgment creditors are involved, the stock certificates and lease in the typical co-operative apartment transaction fit better . . . into the statutory framework governing personal property." (*Matter of State Tax Commn. v Shor*, 43 NY2d 151, 154 [1977].) According to CPLR 5206(e), a creditor is invited to commence a special proceeding for the sale of the shares if they exceed $150,000. It is clear that if it was a real property, mere docketing of the judgment would have created a Judicial lien on the property. But here where the homestead is claimed in personal property, the shares, the special proceeding, which culminates in a court order, should be viewed as a turnover order. Thus the special proceeding, which culminates in a court order, should be viewed as a turnover order. NY. CPLR 5225(b). Thus only if a court orders the sale of cooperative shares, a lien arises when the court actually orders the sale. Thus, where as here the debtor has property [shares] capable of delivery, the sheriff must levy on it "by taking the property into custody." N.Y. C.P.L.R. 5232(b). No such action took place here, thus there was no perfection of security interest. Unperfected lien does not enjoy any priority over other creditors in a bankruptcy context. Where property is capable of delivery, the sheriff levies it by taking custody. See N.Y. C.P.L.R. 5232(b). A

lien is a power of sale. And the power of sale is only when the Order to sell has been entered by the Court. CPLR 5234(c) makes clear that the lack of filing of a turnover order establishes priority for this estate now.

8.     Pursuant to section 544 of Bankruptcy Code, the estate has a higher claim on the priority of the property. One owing to dormancy of the judgment enforcement. The judgment was obtained somewhere in June 6, 2008, the judgment creditor has been sitting on the judgment for so long without any enforcement. *Excelsior Needle Co. v. Globe Cycle Works*, 48 A.D. 304, 62 N.Y.S. 538 (4th Dep't 1900). According to the second exception to CPLR 5202(a), Cradles execution lien is no good against "a transferee who acquired a debt or personal property not capable of delivery for fair consideration after it was levied upon without knowledge of the levy."' Thus, where as here the debtor has property [shares] capable of delivery, the sheriff must levy on it "by taking the property into custody. ' N.Y. C.P.L.R. 5232(b). It was not done and thus, Cadles interest is not subservient to the interest of all other creditors pursuant to section 544 of the Code. *In re Lifestyle Home Furnishings, LLC*, 2010 WL 148644, 201 Bank. LEXIS 111 (Bankr.D.Idaho Jan. 14, 2010) [Trustee allowed to avoid unperfected security interest in debtor's personal property]. (Colliers, p. 544-12).

9.     Cadle's bald assertion on delivery to the Marshal for levy is not enough it has to produce evidence of perfection and of a sustained levy and its diligence to rebut defense of dormancy. It has not shown any of those essential requirements. The debtor is entitled to have a discovery or evidence of such assertions by Cadle.

Wherefore, this motion to strike the claim be granted in its entirety.

Dated: June 23, 2014
New York New York                         /s/ Irina Lust
                                         --------------------------------
                                         Irina Lust, Esq. for Debtor