UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                           **Chapter 13**
In Re                                                                     Case No: 14-40576-nhl

**IRENE SUGOVINSKAYA**

                              **Debtor.**
-------------------------------------------------------------------X

                      REPLY STATEMENT TO THE CADLEROCK JOINT VENTURE, L.P

      DEBTOR, Irene Sugovinskaya respectfully files the following in response to the CadleRock Joint Venture, L.P ("CadleRock") claim.

      CadleRock, the secondary market alleged buyer of the debt claim that it had perfected the interest by delivery the levy to the Marshall. However, this Coop is not the proper garnishee for the purposes of perfecting a judgment lien. Also, the New York UCC governs the perfection, it being a specific statute supplanting the more general CPLR provisions.

**Garnishee was an improper party here.**
      The enforcement of money judgments against an interest in a Cooperative Unit needs additional steps to merely obtaining a judgment against the judgment debtor. Cooperative apartments are considered realty for many purposes. See, e.g., NYTL § 1442 (transfer of co-op subject to tax on gains from real property transfers); CPLR 5206 (interest in a co-op has the benefit of the "homestead" exemption). However, shares in a cooperative apartment are personal property for purposes of establishing liens and priorities. State Tax Comm'n v. Shor, 43 N.Y.2d 151, 400 N.Y.S.2d 805, 371 N.E.2d 523 (1977); P & K Marble, Inc. v. La Paglia, 147 A.D.2d 804, 537 N.Y.S.2d 682 (3d Dep't 1989)
      As here, an interest in a Cooperative Unit is an interest in personal property. CPLR 5201 describes the types of debt or property available to satisfy a money judgment. The debtor owns the shares. Because the interest in the cooperative is usually evidenced by a stock certificate and a proprietary lease, the one who holds these papers is the appropriate garnishee. See CPLR 5201(c)(4). CPLR 105(i) defines a garnishee as a person who owes a debt to a judgment debtor or one other than the judgment debtor who has possession or custody of property in which the judgment debtor has an interest. The judgment creditor may serve a restraining notice on a garnishee, commence a special proceeding against him (CPLR 5225, 5227) or levy upon the property in his possession (CPLR 5232).

However, here the shares are in possession of the debtor.  Serving levy on Trump Village to perfect is futile, Trump is not the proper garnishee. Service of execution also was redundant after a sixty days as it was not carried through.

**Specific Provision NY UCC governs here.**

Here it is NY UCC that shall govern about the perfection in the certificated stock and CadleRock also fails in that aspect.  See for analogy, *Hastings v. Furr*, 177 B.R. 723 (S.D. Fla. 1995) aff'd, 77 F.3d 497 (11th Cir. 1996) (Provision of Florida Uniform Commercial Code (UCC) dealing exclusively with levy on certificated stock, as more specific statute than that dealing generally with levy on personal property, including stock, governed question of whether judgment creditor had properly perfected its security interest in debtor's stock prior to debtor's Chapter 13 filing).

No physical possession was obtained by CadleRock to perfect their interest.  I, the undersigned looked at the file and spoke to the debtor, Debtor is in possession of the certificated stock. *Superior Financial Corp. v. Haskell*, 556 F. Supp. 199 (S.D.N.Y. 1983) (security interest in Haskell's cooperative apartment was perfected under UCC when Superior took possession of the stock certificate and lease).

Further, Cadle does not raise any issues, nor does it address the concerns raised in the objection to the claim, however it keep its supplementary confined to submitting a clear print out of purported documents. It still does not have a proper notice to the home owner.  It fails to be a proper notice, besides there being no perfected interest.  An evidentiary hearing is required and with full discovery of all aspects.   Wherefore, the claim be declared as unsecured.

Dated: New York New York
July 9th, 2014

/s/karamvir Dahiya
_____
Karamvir Dahiya